IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROL WILKERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-00829-RWS |
| U.S. EQUAL EMPLOYMENT : | |
| OPPORTUNITY COMMISSION, : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**ORDER**

On April 1, 2014, Magistrate Judge Walter E. Johnson granted Plaintiff leave to proceed *in forma pauperis* in this action. The Complaint is now before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). After reviewing the record, the Court enters the following Order.

**Discussion**

The Court's review of Plaintiff's Complaint for frivolity is governed by 28 U.S.C. § 1915(e)(2)(B). Pursuant to this Code section, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be

AO 72A
(Rev.8/82)

granted . . . ." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

Plaintiff Carol Wilkerson alleges that the Equal Employment Opportunity Commission ("EEOC") and its employees conspired to commit fraud in

2

AO 72A
(Rev.8/82)

connection with Plaintiff's paperwork and the investigations of her charges. Specifically, Plaintiff points to the EEOC's Atlanta director, Bernice Kimbrough-Williams, and several EEOC attorneys. It appears that the EEOC determined that her employer had not violated any laws, declined to issue her a right-to-sue letter, and failed to consider certain personal data in making their decision. The EEOC's allegedly fraudulent acts spanned a period of seventeen years. While Plaintiff has attempted to call and visit the EEOC's Atlanta and Savannah offices to resolve her problems, she has been unsuccessful.

Assuming that all of Plaintiff's allegations are true, the Court nonetheless finds that the EEOC is immune from suit. Neither the United States nor federal administrative agencies may be sued absent an unequivocal waiver of their sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congress has waived the federal government's sovereign immunity in limited circumstances, such as where the government is the employer. See 42 U.S.C. § 2000e-16(c). But here Plaintiff does not allege that the EEOC was her employer. See Reeves v. DSI Sec. Servs., 331 F. App'x 659, 661 (11th Cir. 2009) (holding that a plaintiff could not obtain relief against the EEOC under Title VII because the EEOC was not his employer and there was no evidence in the record that the

3

EEOC had waived sovereign immunity (citing Gibson v. Mo. Pac. R.R. Co., 579 F.2d 890, 891 (5th Cir. 1978))).  Moreover, "[n]umerous courts have held that there is no private right of action against the EEOC for claims that the EEOC and its officers should be held responsible for failure to investigate employment-related claims adequately."  Dowling v. U.S. EEOC, No. 12-cv-01328-BNB, 2012 WL 1987266, at *1 (D. Colo. June 4, 2012); see also Darbeau v. Library of Cong., 453 F. Supp. 2d 168, 170 (D.D.C. 2006) (holding that the EEOC can only be sued as an employer, and "Title VII does not vest federal courts with jurisdiction over suits against the EEOC for other causes, such as agency inaction").  Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims against the EEOC.  Consequently, this action is frivolous and is due to be **DISMISSED without prejudice**.

## Conclusion

For the foregoing reasons, this case is **DISMISSED without prejudice**.

**SO ORDERED**, this   14th   day of May, 2014.

**RICHARD W. STORY**
United States District Judge

4

AO 72A
(Rev.8/82)